Filed 6/22/21  P. v. Bailey CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B305931 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA077929) |
| v. | |
| MELVIN LUDLOW BAILEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Melvin Bailey was convicted by no contest plea of felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)) and admitted a prior felony conviction within the meaning of the Three Strikes law (Pen. Code, § 1170.12).[1]  On appeal, he argues that he did not actually admit the prior.  We affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Because the sole issue on appeal relates to defendant's admission of the prior, we limit our discussion to those facts.  On December 31, 2019, defendant was charged by felony complaint with felon in possession of a firearm, as well as unlawful possession of ammunition (§ 30305, subd. (a)(1)).  Two prior strikes were alleged, one of which was a violation of section 245, subdivision (a)(1), in case number MA059308.  At arraignment, defendant pled not guilty and denied the strike allegations.

Two weeks later, on January 13, 2020, defendant changed his plea.  Pursuant to an agreement, defendant would plead no contest to felon in possession of a firearm and admit one strike; he would receive a four-year sentence; the possession of ammunition count would be dismissed.

Defendant signed a plea form setting forth the terms of the agreement.  The form, as filled out, presents a few detours with respect to the strike.  Section One of the form is to list the "CHARGES AND MAXIMUM TERM" and begins, "I want to plead guilty or no contest . . . to the charges and allegations listed below."  There follows a chart where charges and enhancement allegations, including prior convictions, are to be listed.  Here, the chart properly identifies the offense of felon in possession of a

---

[1]     All further undesignated statutory references are to the Penal Code.

firearm, but the only enhancement listed is "1170(h)(3)," which is a provision for a mandatory prison sentence, not the strike. It does however, list "x2" as the maximum exposure purportedly attached to the enhancement.[2] Section 2 of the form is the "PLEA AGREEMENT," which encompasses a number of subsections. The first, subsection "a," is to identify the agreed-upon sentence. It shows a 4-year prison term, although it appears that "2" years was originally written, then crossed out and replaced with "4." A later subsection "i," which identifies "Other Terms" of the plea agreement, specifically addresses the strike. Written there is: "Midterm 2 x 2 admit strike prior 245(a)(1) MA 0593 93 08." Section 9 is defendant's plea. It states, "I freely and voluntarily plead [box checked for] NO CONTEST to the charges listed in item 1 . . . and admit the allegations listed in item 1 . . . , understanding that this plea and admission will lead to the penalties listed in item 2 . . . ." As we have explained, the strike prior was not specifically identified as an "allegation[] listed in item 1," but the doubling of the sentence for admitting the strike was listed as a penalty in subsection "i" of item 2. Defendant initialed each relevant subsection and also signed the form, as did his counsel. The trial court signed the form, indicating its acceptance of the plea.

At the plea hearing, the court set forth the terms of the agreement. Specifically, the court stated, "You will be entering a guilty or no contest plea to count 1, a violation of Penal Code section 29800(a)(1), a felony known as possession of a firearm by

_____

[2]     The chart is also intended to indicate the "TOTAL MAXIMUM TIME" to which the defendant is exposed. It appears that someone first wrote "3" in this column, crossed it out, and replaced it with "6."

3

a felon for the mid term two years in state prison. That's going to be doubled up because you're admitting your prior strike for a total of four years in state prison." The court asked if this was defendant's understanding of the agreement; defendant responded, "Yes, correct." Defendant admitted reading and signing the plea form after consultation with counsel. The court took the necessary waivers on the record. Defendant again confirmed he understood he would go to prison for four years.

When it came time to take the plea, defendant pled no contest to felon in possession of a firearm. The court then asked, "Do you admit you have a prior strike in case number MA059308 for a violation of Penal Code section 245(a)(1) with a conviction date of August 28, 2013, in Los Angeles County within the meaning of Penal Code section 667(d) and Penal Code section 1170.12(b)? Do you admit that prior strike to be true?" Defendant responded, "I admit they say I have one, yes." Counsel joined in the admission. The court accepted the plea and admission.

At defendant's sentencing hearing on February 3, 2020, defendant pursued a motion to withdraw his plea, on the basis that there were false allegations in the police report.[3] The motion

---

[3] Defendant also made an oral motion to replace his counsel under *People v. Marsden* (1970) 2 Cal.3d 118. During his *Marsden* hearing, defendant claimed that he had received ineffective assistance of counsel when he entered his plea. He asserted that counsel simply told him where to initial on the plea form, and that he had not completed reading the form when he was called into court to give his plea. The court responded that, regardless of the plea form, the reporter's transcript indicated the trial court went over all of defendant's rights with him "very clearly and explicitly and thoroughly." Defendant then said that

4

was denied.  The court reviewed the plea transcript and concluded this was merely an instance of buyer's remorse. Defendant received the agreed-upon sentence of four years.[4]  He filed a timely notice of appeal.

## DISCUSSION

The sole issue on appeal is whether defendant actually admitted the prior strike.  When a defendant has been charged with having suffered a prior conviction, and enters a plea to a charged offense, "he or she shall be asked whether he or she has suffered the prior conviction."  (§ 1025.)  Here, defendant was asked in open court.  He responded, "I admit they say I have one, yes."

In the analogous area of a plea of guilty, "[i]n most cases, a defendant may enter a plea of guilty without any particular incantation.  [Citations.]  'A defendant's expression of guilt, in order to constitute a plea of guilty, must be made in response to a question by the court as to how the defendant pleads and must be couched in language indicating that the defendant is formally making a plea rather than merely making an informal and

_____

he had since spoken with another attorney.  "They were telling me the same thing.  In other words, I pleaded when I shouldn't have pleaded at the time because – I mean, I can't explain it, but, yes, I feel like I want to withdraw my plea."  Defendant's counsel agreed that defendant had not finished initialing and signing the plea form when he entered court, but explained that, before that time, she had gone over the form with him line by line in detail. The court denied the *Marsden* motion.

[4]     Significantly, although defendant raised numerous complaints at sentencing, he did not suggest that he had not, in fact, admitted the prior strike.

spontaneous statement as to his guilt.' [Citation.]" (*In re Moss* (1985) 175 Cal.App.3d 913, 925.)  A written plea form, indicating a desire to plead guilty, can be "sufficient to establish an actual plea of guilty." (*Id.* at p. 925.)

Here, defendant's plea form indicates a desire to admit the prior.  He initialed the "Other Terms" section which specifically provided for admitting the strike and a doubled sentence.  In open court, he admitted that this was part of the agreement.  When asked if he admitted the prior, he ultimately said "yes," although he prefaced the admission with, "I admit they say I have one . . . ."  Taken together, we conclude defendant desired to, and did, admit the prior strike.

### DISPOSITION

The judgment is affirmed.


                                                    RUBIN, P.J.
WE CONCUR:



            BAKER, J.



            KIM, J.


6